IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SG SERVICES, INC., an Oregon corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-1526-KI |
| vs. | ) ) | OPINION AND ORDER |
| GOD'S GIRLS, LLC, an Arizona corporation; and ANNALIESE NIELSEN, an individual; and KATE GILBERT, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

James S. Smith
Davis Wright Tremaine LLP
1300 S. W. Fifth Avenue, Suite 2300
Portland, Oregon 97201

Paul E. Loving
2658 Griffith Park Blvd., #127
Los Angeles, California 90039-2520

Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Stuart M. Brown
Mark P. Pihl
1001 S. W. Fifth Avenue, Suite 1100
Portland, Oregon  97204

      Attorneys for Defendants

KING, Judge:

Plaintiff SG Services, Inc. operates an adult content web site.  Defendant God's Girls LLC is in the process of creating a web site that will compete with the SG Services site. SG Services was able to preview God's Girls' entire site for a period of time until access past the home page became available only with a password.  SG Services is alarmed that the competitive web site is too similar to its own distinctive web site.  It is further concerned that God's Girls is trying to steal SG Services' models.

SG Services alleges claims for trade dress copying, unfair competition, breach of contract, and intentional interference with economic relations against Gods's Girls, Annaliese Nielsen[1] and Katie Gilbert.  Nielsen is responsible for contacting models who wish to be featured on the God's Girls' web site.  Gilbert used to work for SG Services.  Before the court is Defendants' God's Girls, LLC and Nielsen's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Change of Venue (#12).  For the reasons below, I transfer this action to the Central District of California, Los Angeles Division.

---

[1] Ms. Nielsen states that her true name is Lara, not Annaliese.

Page 2 - OPINION AND ORDER

**FACTS**

SG Services, an Oregon corporation, and God's Girls, an Arizona corporation, both have their principal place of business in Los Angeles. Defendants Nielsen and Gilbert[2] both reside in Los Angeles. Gavin Lloyd, manager and sole member of God's Girls, lives in Las Vegas, Nevada. Sean Sohl, president of SG Services, lives in Los Angeles. Selena Mooney, co-founder, secretary of, and photographer for SG Services lives in Los Angeles. The models are located in various places but many are from southern California. Model "Stormy," as well as three other models, are all Oregon residents who contacted God's Girls but have not contracted with it. I do not know the importance of testimony from two possible witnesses discussed by the parties: Clark Chambers, a resident of Los Angeles, and London Lonoux, a resident of Oregon. The God's Girls' web designers are located in the Ukraine. The SG Services web master and billing staff are in San Francisco.

I do not see the relevance to plaintiff's claims of the location of the computer servers which host the web sites. I also am not concerned with the location of counsel or the expert witnesses.

**LEGAL STANDARDS**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division where it
> might have been brought.

---

[2] Plaintiff contends that Gilbert still spends some time in a home she owns in Portland, Oregon, but Gilbert swears that she has been a resident of California since May 2003.

Page 3 - OPINION AND ORDER

Factors to be weighed in a motion to transfer venue under the statute include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) contacts relating to plaintiff's cause of action in the forum; (6) differences in the cost of litigation in the two forums; (7) availability of compulsory process to compel the attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), cert. denied, 121 S. Ct. 307 ( 2000).

## DISCUSSION

Defendants move to transfer this action to the Central District of California, Los Angeles Division, for the convenience of the parties. I will discuss the factors to be considered.

The relevant agreements would be the contracts between God's Girls and SG Services' models. These transactions were performed between the God's Girls headquarters in Los Angeles and the models, wherever they may live. There is no evidence that any Oregon model has executed a contract with God's Girls. There is also a breach of contract claim alleged against Gilbert for a contract she signed when living in Oregon and working for SG Services here prior to its relocation to California. This factor is neutral.

Either federal court is familiar with the law for the claims governed by the Lanham Act. SG Services also alleges claims under Oregon's unfair competition statute, and for breach of contract and intentional interference. Since the alleged conduct on the part of God's Girls took place in California, it is unclear to me why Oregon law would apply. Thus, this factor only slightly favors Oregon.

SG Services' choice of forum strongly favors keeping the action in Oregon.

There are very few contacts in Oregon relating to the causes of action. Although some Oregon models have contacted God's Girls, none have signed contracts. Defendants' allegedly wrongful deeds are all being perpetrated from California. Although the God's Girls web site can be accessed in Oregon, it can also be accessed anywhere in the world. This factor favors transferring the action to California.

Four of the most important witnesses (Nielsen, Gilbert, Sohl, and Mooney) live in Los Angeles. The fifth most important, Lloyd in Las Vegas, is much closer to Los Angeles than Portland. Litigation costs include the costs for Oregon counsel to travel to California for these depositions, no matter where the trial takes place. Likewise, the documents would be at the headquarters in Los Angeles. Of course, California counsel could be retained by either side. For trial in Oregon, these witnesses would either have to be flown to Portland for trial or appear via telephone or video conference. Considering the importance of these five witnesses, it is highly likely that they would want to appear personally at trial. These facts also inform the consideration of the factor on the ease of access to sources of proof. Both factors weigh heavily towards transferring the action to California.

This court could not compel California nonparty witnesses to appear personally for trial in Oregon. Currently, it appears that models under contract with God's Girls are in California and not Oregon. This factor also weighs toward transferring the action to California.

I decline to decide if this court has personal jurisdiction over all the defendants or if venue is proper in this district. Even if plaintiff established both, I would transfer the action under Section 1404(a) for the convenience of the parties and the witnesses and in the interest of justice.

Page 5 - OPINION AND ORDER

Almost everyone is located in Los Angeles, the documents are there, and the conduct occurred there.

## CONCLUSION

Defendants' God's Girls, LLC and Nielsen's Motion to Dismiss for Lack off Personal Jurisdiction or, in the Alternative, for Change of Venue (#12) is granted in part.  The action is transferred to the Central District of California, Los Angeles Division.

IT IS SO ORDERED.

Dated this ___6th___ day of February, 2006.

___/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER